```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

LAJEAN HUNTER, ET AL                              CIVIL ACTION

VERSUS                                            NO: 07-7970

NEIL WILLIAMSON, ET AL                            SECTION: J(3)

**ORDER AND REASONS**

Before the Court are cross-motions for summary judgment filed by Plaintiffs and Defendants, namely, **Plaintiffs' Motion for Partial Summary Judgment**[1] **(Rec. Doc. 4)**[2] and Defendants Neil Williamson and Williamson Properties, L.L.C.'s **Motion for Summary Judgment (Rec. Doc. 7).**

These motions, which are opposed, were set for hearing on May 14, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiffs' motion should be granted and Defendants' motion should be denied.

---

[1] Plaintiffs include LaJean Hunter and the Greater New Orleans Fair Housing Action Center ("GNOFHAC").

[2] Plaintiffs seek summary judgment solely on the issue of liability.

**Background Facts**

Following Hurricane Katrina, Plaintiff LaJean Hunter relocated to Arizona. In early 2006, Hunter decided to return to New Orleans. Hunter secured housing, specifically, a three-bedroom apartment, with Defendant Williamson Properties. While en route from Arizona to New Orleans, Hunter contacted Defendant to finalize the arrangements. When Defendant Williamson learned that Hunter planned on having more than three children live in the apartment (in addition to Plaintiff and her husband), Defendant stated he would not be able to rent the apartment to her.

Defendants used the internet to advertise their properties available for rent. Listings contained certain restrictions on the number of children permitted in the rental properties. The particular restrictions Defendants used ranged from a two-child limit to a three-child limit in a three-bedroom apartment.

Following Plaintiff Hunter's experience with Defendants' refusal to rent to her, she contacted Plaintiff GNOFHAC. GNOFHAC "confirmed" Defendants' rental practices by viewing the Website advertisements, which explicitly stated a limitation based on the number of children, and by conducting a telephone test, in which an agent for Defendant Williamson Properties told the tester that should could not rent the property because she had too many children. Plaintiff Hunter then filed a complaint with the

2

Louisiana Department of Justice ("LADOJ") which found reasonable cause to believe that discriminatory housing practices had occurred.  This suit followed.

## The Parties' Arguments

Plaintiffs argue that Defendants have committed *per se* violations of federal and state fair housing law[3] in "illegally advertising" properties as limited to no more than three children, then denying a three-bedroom apartment to a family because the family had too many children.

According to Plaintiffs, there is no issue of material fact concerning Defendants' publishing of a discriminatory advertisement expressing a limitation on the number of children that could occupy Defendants' three-bedroom apartments.  Not only do Defendants admit that they maintained a Website advertising their rental property with a limitation on children, but they also admit that Defendant Williamson told Hunter in a telephone statement that "she could not rent the property because she had five children."[4]  Plaintiffs argue that this amounts to a *per se* violation of the Fair Housing Act as set forth in 42 U.S.C. § 3604(c), relating to the making, printing, or publishing of a

---

[3]  Plaintiffs focus on the federal violations in their motion, but state that state fair housing law mimics the federal law, rendering summary judgment appropriate under both statutory schemes.

[4]  GNOFHAC testing documents an additional discriminatory telephone statement.

notice, statement, or advertisement, with respect to the rental of a dwelling indicating any limitation or discrimination based on familial status.

Additionally, Plaintiffs argue that there is no issue of fact concerning Defendants' refusal to rent to Hunter based on this policy of limiting the number of children.  Defendants did in fact deny a three-bedroom apartment to Hunter because she had more than three children.  As such, according to Plaintiffs, summary judgment is also appropriate under 42 U.S.C. § 3604(a), which prohibits refusing to rent or otherwise make housing available based on familial status.

In opposition and in support of their own motion for summary judgment, Defendants argue that local ordinances in Jefferson Parish, which is where the rental property at issue is located, prohibit the number of occupants Plaintiff Hunter sought to have in the apartment from residing in such a unit.[5]  According to

---

[5] Jefferson Parish Municipal Code § 8-3-110.3.12 provides:

> **Rooms occupied for sleeping purposes.**
> Every room occupied for sleeping purposes by one (1) occupant shall contain at least seventy (70) square feet of floor area.  Every room occupied for sleeping purposes by more than one (1) occupant shall contain at least an additional fifty (50) square feet of floor area for each additional occupant.  Every room occupied for sleeping purposes by occupants less than twelve (12) years of age shall contain at least fifty (50) square feet of floor area per occupant (twelve (12) years of age and under).  No habitable room shall be less than seven (7) feet in any dimension.

Defendants, the state and federal fair housing statutes contain exceptions for such reasonable local ordinances relating to maximum occupancy.[6]  As such, Defendants argue that they are not liable to Plaintiffs for any violations of such statutes.[7]

In response, Plaintiffs argue that under Supreme Court precedent, Defendants cannot camouflage their facially discriminatory child limit as a local occupancy ordinance.  In City of Edmonds v. Oxford Hous, Inc., the court held that "rules that cap the total number of occupants in order to prevent overcrowding of a dwelling 'plainly and unmistakably,' fall

---

[6] Defendants cite 42 U.S.C. § 3607(b)(1), which states: "Nothing in this subchapter limits the applicability of any reasonable local, State or Federal restrictions regarding the maximum number of occupants permitted to occupy a dwelling." Defendants also cite to the Louisiana analog contained in La. R.S. 51:2605.

[7] In support of their opposition as well as their own motion for summary judgment, Defendants attach the affidavit of Defendant Williamson along with a report detailing Plaintiff Hunter's complaint to the Better Business Bureau ("BBB"). Plaintiff has filed a motion to strike this affidavit and exhibit (Rec. Doc. 11), arguing that the statements contained therein made by Williamson are made without personal knowledge, are hearsay, and do not reflect the affiant's competence to testify thereto; and that the BBB report consists of hearsay within hearsay and is not a sworn or certified copy of the document.  In opposition, Defendants argue that Williamson spoke directly to Hunter and therefore did have knowledge of the facts summarized in his affidavit, and also that the BBB report is a "Record of Regularly Conducted Activity" pursuant to Fed. R. Evid. 803(6), thereby constituting an exception to the hearsay rule.

Because this Court determines that even upon consideration of the affidavit and attached exhibit, summary judgment in Plaintiffs' favor is still warranted, there is no need to strike the evidence from the record.

5

within § 3607(b)(1)'s absolute exception from the FHA's governance; [however] rules . . . fastening on the composition of households rather than on the total number of occupants living quarters can contain, do not."  514 U.S. 725, 735 (1995).

Furthermore, Plaintiffs point out that the size of Defendants' townhouses, and therefore the number of persons who could occupy the premises according to the Jefferson Parish ordinance, is in dispute.  Defendants previously submitted to the LADOJ larger measurements of their townhouses than those submitted in support of their motion for summary judgment.  Using the larger measurements, Plaintiff and all of her five children could occupy the three-bedroom apartment.  As such, Plaintiffs argue that summary judgment in Defendants' favor is not warranted.

## Discussion

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)).  The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues.  Id.  Once the moving party meets that burden,

the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute.  Id.  "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party.  If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper."  Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted).

The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence.  [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.  [The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  Little, 37 F.3d 1075 (emphasis omitted) (citations omitted).

Making, printing, and publishing a discriminatory rental policy based on familial status is a *per se* violation of the Fair Housing Act.  See 42 U.S.C. § 3604(c).  Such prohibitions apply to "all written or oral notices or statements by a person engaged in the sale or rental of a dwelling.  Written notices and

7

statements include any applications, flyers, brochures, deeds, signs, banners, posters, billboards or any documents used with respect to the sale or rental of a dwelling." See 24 C.F.R. 100.75(b).

In reviewing whether a statement violates section 3604(c), a court makes three determinations, whether: (1) the defendant made a statement; (2) the statement was in reference to the sale or rental of a dwelling; and (3) the statement indicated a preference based on protected class membership. White v. United States Dept. Of Housing and Urban Development, 475 F.3d 898, 904-05 (7th Cir. 2007) (also noting that an "ordinary listener" standard is used to determine whether a statement indicates a preference based on familial status).

In the instant case, Defendants admit to making a statement and the parties do not seriously dispute that the statements were made in connection with the rental of a dwelling.  Therefore, the issue before the Court is whether the statements indicate a preference based on protected class membership, in this case, familial status.[8]

On its face, the statement contained on Defendants' website

---

[8] Familial status is defined as "one or more individuals (who have not attained the age of 18 years) being domiciled with . . . a parent or another person having legal custody of such individual or individuals . . . ."  42 U.S.C. § 3602(k).  It is undisputed that Hunter and her children meet the definition of a family and fall within the protected classification of "familial status" under the Fair Housing Act.

limiting the number of children that can occupy an apartment[9] indicates a preference against, or a limitation on, prospective tenants based on familial status.  Defendants rejected Plaintiff Hunter because she had "too many children."  This fact is also evidenced in Defendant Williamson's own written notation on the deposit check which he refunded to Hunter, which in and of itself states a limitation, namely "has 5 kids--limit is 3 . . . ."  As such, contrary to Defendants' arguments, Defendants' rental policy as set forth in Defendants' various written and oral statements clearly limits the number of <u>children</u> allowed to occupy an apartment, and not the number of <u>persons</u>, in violation of 42 U.S.C. § 3604(c).

In this vein, this Court finds Defendants' arguments focusing on the Jefferson Parish ordinance unpersuasive.  Both the ordinance and section 3607(b)(1), which states: "Nothing in this subchapter limits the applicability of any reasonable local, State or Federal restrictions regarding the maximum number of occupants permitted to occupy a dwelling," clearly refer to limitations restricting the number of persons.  However, the undisputed facts illustrate that Defendants did not have a limit on the number of <u>people</u> who could occupy their properties in general, but rather a discriminatory limit on the number of

---

[9] The internet advertisement clearly contains a limitation as it states "two children maximum."

<u>children</u> who could live in their properties.  As such, Defendants' practices violate 42 U.S.C. § 3604(c).[10]

Additionally, and for the reasons detailed above, this Court finds that Defendants' refusal to rent to Plaintiff Hunter because of the number of children she has violates 42 U.S.C. § 3604(a).[11]  See <u>Louisiana ACORN Fair Housing, Inc. v. Louisa Apartments</u>, No. 98-2588, 1999 WL 562722, at *3 (E.D. La. July 29, 1999) (granting summary judgment in favor of plaintiffs in case involving policy prohibiting children, noting that "even prohibiting only families with multiple children would violate the law, so even looking at the facts in the light most favorable to defendant, the policy still is facially illegal").

Finally, Defendants seek to make an issue of the fact that Plaintiff Hunter misinformed Defendants regarding the number of children she sought to have live with her.  However, for purposes of analysis under 42 U.S.C. § 3604(a) and § 3604(c), this fact is of no moment.  Defendants rejected Plaintiff's rental application

---

[10] See <u>HUD v. Schmid</u>, HUDALJ 02-98-0276-8, at 10 (July 15, 1999), http://www.hud.gov/offices/oalj/cases/fha/pdf/schmiddec.pdf (stating that section 3604(c) has been described as "a 'strict liability' statute--all that is required to establish liability is that the challenged statement was made with respect to the rental of a dwelling and indicates discrimination based on familiar [sic] status").

[11] 42 U.S.C. § 3604(a) makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, . . . or otherwise make unavailable or deny, a dwelling to any person because of . . . familial status."

10

because she intended to have more than three children living with her, not because she misinformed Defendants of such an intent. Defendants have admitted this fact on several occasions, both in their answer, their motion for summary judgment, and their opposition to Plaintiffs' motion for summary judgment. Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion for Partial Summary Judgment (Rec. Doc. 4)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' **Motion for Summary Judgment (Rec. Doc. 7)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that **Plaintiffs' Motion to Strike Affidavit and Exhibit (Rec. Doc. 11)** is hereby **DENIED**.

New Orleans, Louisiana, this 25th day of June, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE